UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESTORATION HARDWARE, INC., et al.,<br>　　　　Plaintiffs,<br>　　v.<br>GO HOME LTD.,<br>　　　　Defendant. | Case No. 15-cv-03960-JCS<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO FILE PORTIONS OF COMPLAINT UNDER SEAL**<br><br>Re: Dkt. No. 7 |

On September 4, 2015, Plaintiffs filed an administrative motion to file portions of their complaint under seal, arguing that sealing is appropriate under the "compelling reasons" standard applied by the Ninth Circuit. *See* Mot. (dkt. 7) at 2 (citing, e.g., *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).[1] Plaintiffs contend that portions of paragraphs 1, 6, 7, 14, and 26 of the complaint should remain under seal because they reveal "sensitive business terms" of a confidential settlement agreement, "the disclosure of which would harm [Plaintiffs] and the Defendant" by "provid[ing] other defendants who infringe [Plaintiffs'] intellectual property rights an improper advantage" in negotiating settlement agreements. *Id.* at 3.

Plaintiffs' argument is not persuasive. The terms at issue concern (1) the forum selection clause of the settlement agreement, Compl. ¶¶ 6−7; and (2) Defendant's purported agreement not to sell products that infringe one of Plaintiffs' patents, *id.* ¶¶ 1, 14, 26. Neither of these terms would provide any significant leverage to Plaintiffs' future negotiating partners if disclosed.

Plaintiffs have not met their burden of demonstrating compelling reasons to seal, sufficient to defeat the "strong presumption in favor of [public] access" to court filings. *See Kamakana*, 447

---

[1] The Ninth Circuit recognizes an exception to this standard, requiring a lower showing of "good cause" for sealing discovery documents produced pursuant to a protective order and attached to non-dispositive motions. *Kamakana*, 447 F.3d at 1179−80. Plaintiffs do not argue that this exception applies to their complaint. *See* Mot. at 2.

1 F.3d at 1178 (citation omitted).  Accordingly, the motion to seal is DENIED.  Plaintiffs are

2 ORDERED to file an unredacted version of their complaint in the public record **no later than**

3 **September 18, 2015**.  *See* Civ. L.R. 79-5(f)(2).  This Order need not and does not address whether

4 sealing other provisions of the alleged settlement agreement may be warranted if either party seeks

5 to introduce such provisions under seal at a later stage of this case.

6 **IT IS SO ORDERED.**

7 Dated: September 11, 2015

8 _____
JOSEPH C. SPERO
9 Chief Magistrate Judge